UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

GARY METZGAR,
RICHARD MUELLER,
KEVIN REAGAN,
RONALD REAGAN,
CHARLES PUGLIA,
SHERWOOD NOBLE, and
DANIEL O'CALLAGHAN,

    Plaintiffs and Counter Defendants,

                                                                                         ORDER
        v.                                                                 13-CV-85V(F)

U.A. PLUMBERS AND STEAMFITTERS LOCAL
  NO. 22 PENSION FUND,
BOARD OF TRUSTEES OF U.A. PLUMBERS AND
  STEAMFITTERS LOCAL NO. 22 PENSION FUND, and
DEBRA KOROPOLINSKI, in her capacity as Plan
  Administrator for the U.A. Plumbers and Steamfitters
  Local No. 22 Pension Fund,

    Defendants and Counter Claimants.

───────────────────────────────

       The Court (Hon. Richard J. Arcara) referred this case to United States Magistrate Judge Leslie G. Foschio for all pretrial matters, including those that a magistrate judge may hear and determine, *see* 28 U.S.C. § 636(b)(1)(A), and those that a magistrate judge may hear and thereafter file a report and recommendation, *see* 28 U.S.C. § 636(b)(1)(B). Docket Item 40.

       On June 19, 2014, the plaintiffs moved to dismiss the defendants' counterclaims, which seek equitable relief, under § 502(a)(3) of ERISA, to recover plan benefits that the defendants claim were paid incorrectly to the plaintiffs. Docket Items 30 & 34. On March 1, 2016, Judge Foschio issued a Report and Recommendation, recommending

that the Court deny the plaintiffs' motion.[1]  Docket Item 43 at 13-14.  The parties did not file any objections to the Report and Recommendation, and the time to do so now has expired.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify, in whole or in part, the findings or recommendation of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 require a district court to review the recommendation of a magistrate judge to which no objections are addressed.  See *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

This Court has carefully reviewed Judge Foschio's Report and Recommendation as well as the parties' submissions.  Based on that review and the absence of any timely objections, the Court accepts and adopts Judge Foschio's recommendation to deny the plaintiffs' motion to dismiss the defendants' counterclaims.

The plaintiffs did not cite any controlling authority that requires a party seeking a constructive trust to specifically identify, in an initial pleading, the location or account numbers of the funds the party seeks to recover.  That is not surprising since such a rule "would require a person seeking to impose a constructive trust to . . . obtain information peculiarly in the possession of the defendant [here, the counterclaim-defendants] that is normally part of the discovery process in civil actions."  *Stanton v. Couturier*, 2007 WL 4570699, at *3 (E.D. Cal. Dec. 26, 2007) (alteration added).  The

---

[1] In the alternative, Judge Foschio recommends granting the plaintiffs' motion "without prejudice to the filing of an amended answer repleading only the counterclaims in accordance with" his Report and Recommendation.  Docket Item 43 at 13.

Court therefore agrees with Judge Foschio that whether "the monthly pension benefit payments received by Plaintiffs from Defendants have been dissipated," as the plaintiffs claim, Docket Item 39 at 3, is a matter upon which the defendants are entitled to discovery.

For the reasons stated above and in the Report and Recommendation, the plaintiffs' motion to dismiss (Docket Item 34) is DENIED.

IT IS SO ORDERED.

Dated: April 15, 2016
       Buffalo, New York

*s/Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE