**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GARY METZGAR, RICHARD MUELLER, SHERWOOD NOBLE, DANIEL T. O'CALLAGHAN, KEVIN REAGAN, RONALD REAGAN and CHARLES PUGLIA, <br><br> Plaintiffs, <br><br> – against – <br><br> U.A. PLUMBERS AND STEAMFITTERS LOCAL NO. 22 PENSION FUND, BOARD OF TRUSTEES OF U.A. PLUMBERS AND STEAMFITTERS LOCAL NO. 22 PENSION FUND & DEBRA KORPOLINSKI in her capacity as Plan Administrator, <br><br> Defendants. | Civil Action No. 13-CV-85-A |

**DEFENDANTS' MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO COMPEL AND IN OPPOSITION TO PLAINTIFFS' MOTIONS TO STAY DISCOVERY AND CONSOLIDATE ACTIONS**

BLITMAN & KING LLP
Attorneys for Defendants
Office and P.O. Address
The Powers Building, Suite 500
16 West Main Street
Rochester, New York  14614
Telephone: (585) 341-3130
Facsimile: (585) 232-7738

Of Counsel:
    Jules L. Smith, Esq.
    Daniel R. Brice, Esq.

**TABLE OF CONTENTS**

**Page**

**INTRODUCTION** ................................................................................................................. 1

**ARGUMENT** ....................................................................................................................... 2

    **POINT I** ......................................................................................................................... 2

        **PLAINTIFFS MUST RESPOND TO DEFENDANTS' DISCOVERY REQUESTS** ............................. 2

    **POINT II** ........................................................................................................................ 3

        **PLAINTIFFS' MOTIONS TO CONSOLIDATE AND STAY MUST BE DENIED** ............................ 3

**CONCLUSION** .................................................................................................................... 5

**TABLE OF AUTHORITIES**

**Cases**

*Burns v. Bank of America*, 2007 U.S. Dist. LEXIS 40037 (S.D.N.Y. 2007) .......................................... 3

*Digennaro v. Whitehair,* 467 Fed. Appx. 42, 2012 U.S. App. LEXIS 5500 (2nd Cir. 2012) .............. 3

*Ien v. TransCare Corp (In re TransCare Corp.)*, 552 B.R. 69, 2016 Bankr. LEXIS 2091 (Bankr. S.D.N.Y. 2016) ...................................................................................................................... 5

*JSG Trucking Corp. vs. Tray Wrap, Inc.,* 917 F.2d 75 (2nd Cir. 1990) ............................................. 4

*Kingsway Financial Services, Inc. v. Pricewaterhouse-Coopers LLP,* U.S. Dist. LEXIS 77018 (S.D.N.Y. 2008) .......................................................................................................................... 3

*Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 1998 U.S. Dist. LEXIS 21707 (W.D.N.Y. 1998) ........ 3

*White v. Dishaw*, 2015 U.S. Dist. LEXIS 182853 (N.D.N.Y. 2015) ..................................................... 3

**INTRODUCTION**

On July 26, 2017, the Defendants[1] moved this Court to compel each Plaintiff[2] to appear

for his deposition and to respond to Defendants' Interrogatory No. 4.  [*See* Docket No. 69.]  On

August 7, 2017, Plaintiffs served their papers opposing the motion and filed cross-motions for

consolidation with a newly filed action (1:17-cv-00726) ("Metzgar II"), and for a protective order

to stay the instant action ("Metzgar I"). This Memorandum is submitted by Defendants in reply

to Plaintiffs' opposition and in response to Plaintiffs' motions.

As further detailed below and in Defendants' motion, Plaintiffs, as shown by their actions

throughout this case, will not respond to discovery requests unless compelled to do so by this

Court.  The present motion to compel is the third time Defendants have sought this Court's order

requiring Plaintiffs to provide necessary discovery responses.[3]   Thus, for discovery to move

forward, Defendants' current motion to compel must be granted.

Further, Plaintiffs' motions, based on Metzgar II, seeking to further delay the instant

litigation (filed on January 25, 2013) should be denied.  The newly filed lawsuit, Metzgar II,

involves the same facts and duplicates the central issue present in Metzgar I – did Plaintiffs retire,

that is, cease working from all contributing employers with the intention to remain retired.  As a

result, the second action should be dismissed, or, in the alternative, Metzgar II, not Metzgar I,

---

[1] Defendants are U.A. Plumbers and Steamfitters Local No. 22 Pension Fund ("Fund"), Board of Trustees of the U.A. Plumbers and Steamfitters Local No. 22 Pension Fund and Debra Korpolinski, as Plan Administrator.

[2] Plaintiffs are Gary Metzgar, Richard Mueller, Sherwood Noble, Daniel T. O'Callaghan, Kevin Reagan, Ronald Reagan and Charles Puglia.

[3] Defendants were forced to make a motion to compel Plaintiffs to serve their statutorily required disclosures; by Order dated January 17, 2017 this Court granted that motion, and ordered Plaintiffs to serve their mandatory disclosures no later than January 26, 2017 (three months later than originally ordered by the Court).  [*See* Docket No. 62.]  On April 6, 2017, Defendants filed their second motion to compel, requesting an order directing Plaintiffs to respond to Defendants' discovery requests. On April 24, 2017, this Court issued an Order directing Plaintiffs to respond to Defendants' discovery requests by May 5, 2017.  [*See* Docket No. 67.]

should be stayed allowing the current proceedings to continue under this Court's existing scheduling order.

**ARGUMENT**

**POINT I**

**PLAINTIFFS MUST RESPOND TO DEFENDANTS' DISCOVERY REQUESTS**

Plaintiffs must appear for their depositions and respond to Defendants' Interrogatory No. 4. First, Plaintiffs' filing of a duplicative lawsuit on August 1, 2017 does not excuse their obligation to cooperate with Defendants and appear for depositions in this case. From the outset, Plaintiffs ignored their responsibilities to participate in discovery and ignored Defendants' repeated efforts to schedule their depositions. Thus, Plaintiffs should be ordered to appear by a date certain.

Second, Plaintiffs must respond to Defendants' Interrogatory No. 4. As part of their case, Plaintiffs argue that although they continued to work for the same employers, they retired because their job duties changed after the pensions commenced. In response, Defendants' Interrogatory No. 4 requests Plaintiffs' job duty information for the time period before *and* after each Plaintiff's pension start date. Plaintiffs ignored the request and only responded with job information for the time period *after* benefit commencement.

Plaintiffs' argument against providing this relevant job information is that Defendants allegedly already possess the pre-pension employment data; that is not the case. Regardless, as this Court has previously held, the fact that a requesting party may possess the information sought does not alter the obligation to respond. *See* this Court's Decision and Order, Docket No. 62, page 2 "required disclosures may not be avoided because the opposing party may be in possession of the information subject to such required disclosures"; *see also Kingsway Financial Services, Inc. v. Pricewaterhouse-Coopers LLP,* 2008 U.S. Dist. LEXIS 77018, **17-18 (S.D.N.Y.

2

2008) (fact that requesting party may possess information at issue is not a bar to discovery); *Burns v. Bank of America*, 2007 U.S. Dist. LEXIS 40037, fn. 10 (S.D.N.Y. 2007) ("Parties are required to produce relevant materials in their possession during discovery, regardless of whether they may already be in the possession of the opposing party."); *Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 1998 U.S. Dist. LEXIS 21707, *31 (W.D.N.Y. 1998) ("Unless excused by a court order, a requested party must provide relevant discovery regardless of whether it is already available to the requesting party.").   Finally, Plaintiffs continued refusal to provide the pre-pension job information only raises more questions regarding Plaintiffs' work duties prior to their benefit commencement and whether they did, in fact, change jobs as alleged.

Accordingly, for the reasons set forth in Defendants' motion and this brief, Defendants' motion to compel must be granted.

### POINT II

### PLAINTIFFS' MOTIONS TO CONSOLIDATE AND STAY MUST BE DENIED

In Plaintiffs' motions to consolidate and stay this case, they seek to delay the instant action for "months" based on their filing of a duplicative action – Metzgar II.  As both parties concede, the facts and central issue in Metzgar I and Metzgar II are identical.  Thus, the second filed action should be dismissed or stayed allowing Metzgar I to continue.

Courts have the general power to stay or dismiss a suit that is duplicative of another federal action.  *See Digennaro v. Whitehair,* 467 Fed. Appx. 42, 2012 U.S. App. LEXIS 5500 (2nd Cir. 2012).  That is, a party does not have a right to maintain two separate actions involving the same subject matter, at the same time, in the same court against the same defendants.  *See White v. Dishaw*, 2015 U.S. Dist. LEXIS 182853 (N.D.N.Y. 2015).

Here, Metzgar II repeats the four causes of action present in Metzgar I – the First Cause of Action (Violation of Section 204(g) of ERISA); Second Cause of Action (Wrongful Denial of Benefits), Third Cause of Action (Breach of Fiduciary Duty), and Fourth[4] Cause of Action (Declaratory Judgment).   In repeating those claims, however, Plaintiffs attempt to amend and recast the Metzgar I allegations for the above causes of action, adding, and editing existing, paragraphs in support of each; and also adding additional defendants, prior trustees and an administrator of the Fund.   The time, of course, to amend the pleadings and add parties in this action (Metzgar I) has well since past.   *See*, Scheduling Order dated September 13, 2016, paragraph 3 "All motions to join other parties and to amend the pleadings shall be filed on or before **November 4, 2016**."   [Emphasis original; *see* Docket No. 56.]

Metzgar II also adds three "new" causes of action directly related to the retirement question and pension benefits at issue – (Fourth Cause of Action) disparate treatment in connection with settlement negotiations in Metzgar I[5], (Fifth Cause of Action) fiduciary breach with respect to the initial application process for the pension benefits, and (Seventh Cause of Action) preliminary injunction[6] to stop the pension benefits setoff by the Fund.   Each "new" cause of action is directly related to the core retirement benefits issue present in Metzgar I.   The core issue, as noted above, is whether the Plaintiffs actually retired from employment as required by the Plan and applicable IRS rules and regulations.

---

[4] In Metzgar II, the Declaratory Judgment claim is the Sixth Cause of Action.

[5] The Metzgar II Complaint contains allegations involving confidential settlement discussions which should be stricken to the extent that action continues.  *See* Complaint paragraphs 65-68, 115 and Federal Rules of Evidence Rule 408.

[6] Plaintiffs' request for a preliminary injunction regarding the partial pension reduction is not viable as Plaintiffs' alleged injury could be satisfied by a monetary award – return of the withheld monies.  *See JSG Trading Corp. vs. Tray-Wrap, Inc.,* 917 F.2d 75 (2nd Cir. 1990).

The consolidation and stay of Metzgar I is not appropriate as it will lead to significant delay without advancing the central dispute – did Plaintiffs retire.  *See Ien v. TransCare Corp (In re TransCare Corp.)*, 552 B.R. 69, 2016 Bankr. LEXIS 2091 (Bankr. S.D.N.Y. 2016) (consolidation rejected where it would simply increase the cost and delay resolution of the action).  Metzgar II, based on the same underlying facts, and requiring the same proof, as Metzgar I, must instead be dismissed.  *See White, supra.* In the alternative, given that a conclusion by the Court in the instant litigation whether Plaintiffs retired will render moot the central issue presented in Metzgar II, the Court should stay Metzgar II, pending resolution of Metzgar I.

Accordingly, Plaintiffs' motions must be denied.

## CONCLUSION

For all the reasons and authorities stated above and in Defendants' Motion to Compel, Defendants respectfully submit that their motion must be granted in its entirety and Plaintiffs' motions to consolidate and stay be denied.

Dated: August 15, 2017                                              BLITMAN & KING LLP

                                            By:        */s/ Jules L. Smith*
                                                           Jules L. Smith, Esq.
                                                           Daniel R. Brice, Esq.
                                                           Attorneys for Defendants
                                                           The Powers Building, Suite 500
                                                           16 West Main Street
                                                           Rochester, New York  14614
                                                           Telephone: (585) 341-3130
                                                           Facsimile: (585) 232-7738
                                                           E-mail: jlsmith@bklawyers.com
                                                                        drbrice@bklawyers.com

jas\drb\plumbers 22\metzgar\pleadings\reply mol compel2