UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| GARY METZGAR, RICHARD MUELLER,<br>KEVIN REAGAN, RONALD REAGAN,<br>CHARLES PUGLIS, SHERWOOD NOBLE,<br>DANIEL O'CALLAGHAN,<br>         Plaintiffs,<br> v.<br><br>U.A. PLUMBERS AND STEAMFITTERS LOCAL<br> NO. 22 PENSION FUND,<br>BOARD OF TRUSTEES OF U.A. PLUMBERS AND<br> STEAMFITTERS LOCAL NO. 22 PENSION FUND, and<br>DEBRA KOROPOLINSKI, in her capacity as Plan<br> Administrator, for the U.A. Plumbers and Steamfitters<br> Local 22 Pension Fund,<br>         Defendants. | **DECISION**<br>**and**<br>**ORDER**<br><br>13-CV-85V(F) |

_____

| | |
|---|---|
| GARY METZGAR, RICHARD MUELLER,<br>SHERWOOD NOBLE, DANIEL O'CALLAGHAN,<br>CHARLES PUGLIA, KEVIN REAGAN,<br>RONALD REAGAN,<br>         Plaintiffs,<br>v.<br><br>U.A. PLUMBERS AND STEAMFITTERS LOCAL<br> NO. 22 PENSION FUND,<br>BOARD OF TRUSTEES OF U.A. PLUMBERS AND<br> STEAMFITTERS LOCAL NO. 22 PENSION FUND,<br>DONALD BROWN, JR., RICHARD COSTANZO,<br>JEREMIAH DONOVAN, DAVID GRIMBLE,<br>PATRICK LOOMIS, RANDOLPH LUTZ,<br>ROBERT E. MAZE, DAVID QUACKENBUSH,<br>PETE SEAGER, SR., DANIEL BRITZZALARO,<br>RICHARD EVANS, JOHN NUTTLE, VAN MOLLENBERG,<br>DAVID MUSKOPF, JOHN SAMAR, GEORGE SCHALK,<br>E. MICHAEL REDMOND, DEBRA KORPOLINSKI,<br><br>         Defendants. | 17-CV-726V(F) |

_____

APPEARANCES:  CHRISTEN ARCHER PIERROT, ESQ.
         Attorney for Plaintiffs
         45 S. Grove Street, B
         East Aurora, New York 14052

COLLIGAN LAW LLP
Attorneys for Plaintiffs
MATTHEW K. PELKEY, of Counsel
12 Fountain Plaza, Suite 600
Buffalo, New York  14202

BLITMAN & KING
Attorneys for Defendants
JULES L. SMITH, of Counsel
The Powers Building
16 West Main Street, Suite 207
Rochester, New York  14614

In this ERISA action Plaintiffs allege unlawful reductions and/or elimination of Plaintiffs' accrued pension benefits in violation of 29 U.S.C. §§ 1054(g), 1132(a)(1)(B), breach of fiduciary duty, and declaratory relief.  By papers filed July 26, 2017 (Dkt. 69), Defendants move to compel (1) Plaintiffs' depositions, and (2) Plaintiffs' full responses to Defendants' Interrogatory No. 4 requesting Plaintiffs' employment information, *i.e.*, for Plaintiffs' employment from one month prior to the commencement of Plaintiffs' pension benefits to January 31, 2012, Dkt. 69-1 ¶¶ 22-23.  Defendants also request expenses pursuant to Fed.R.Civ.P. 37(b)(2)(C) based on Plaintiffs' failure to comply with the court's Order, filed April 24, 2017 (Dkt. 67) ("the April 24, 2017 Order"), which granted, without opposition, Defendants' motion to compel Plaintiffs' answers to Defendants' First Set of Interrogatories and Document Requests and required Plaintiffs' answers not later than May 5, 2017 ("Defendants' motion").

In opposition, Plaintiffs filed Plaintiffs' cross-motion for consolidation pursuant to Fed.R.Civ.P. 42(a) of the instant action ("*Metzgar* I") with a recently, August 1, 2017, 17-CV-725V(F) "(*Metzgar* II") filed action alleging similar but not identical claims against Defendants in *Metzgar* I as well as several former trustees and a former Plan

2

administrator, for a protective order pursuant to Fed.R.Civ.P. 26(c) ("Plaintiffs Consolidation Request"), and a stay of discovery and further proceedings pending a determination of Plaintiffs' Consolidation Request ("Plaintiffs' motions"). Both *Metzgar* I and *Metzgar* II have been referred to the undersigned for all pretrial matters. *See Metzgar* I Dkt. 40; *Metzgar* II Dkt. 7. Defendants in *Metzgar* I (Defendants in *Metzgar* II have not yet appeared) oppose Plaintiffs' motions contending Plaintiffs' motions, if granted, would unnecessarily delay resolution of the threshold governing question of whether Plaintiffs properly retired under Defendants' Plan, Dkt. 74 at 4, that as *Metzgar* II is therefore substantially duplicative of *Metzgar* I, *Metzgar* II, not *Metzgar* I, should be stayed or dismissed, Dkt. 74 at 6, and that discovery in *Metzgar* I, including Defendants' motion to compel Plaintiffs' complete answers to Interrogatory No. 4 and Plaintiffs' depositions, should proceed. Dkt. 74 at 4-5. Defendants also maintain that consolidation is not proper as to do so will merely delay an early and definitive determination of the merits of both cases. Dkt. 74 at 8.

In reply, Plaintiffs argue that consolidation will serve judicial economy and avoid duplicative litigation costs and the possibility of inconsistent outcomes. Dkt. 74 ¶¶ 12-13. Plaintiffs also contend Plaintiffs commenced *Metzgar* II promptly following completion of Plaintiffs' appeal in June 2017 challenging Defendants' December 2016 determination that Plaintiffs had since 2008 upon commencing Plaintiffs' early, *i.e.*, prior to reaching age 65, retirement, been improperly paid hundreds of thousands of dollars in early retirement pension benefits and authorizing set-offs against Plaintiffs' future pension checks, *i.e.*, after reaching age 65 entitling Plaintiffs to normal retirement benefits, Dkt. 75 ¶¶ 4-5, and therefore the belated commencement of *Metzgar* II was not

through any delay caused by Plaintiffs.  *Id.*  Oral argument was conducted August 17, 2017 (Dkt. 76).

As an overview, Plaintiffs allege that beginning in 2008 Plaintiffs were granted early retirement pensions by the Plan yet continued working for construction industry employers who made contributions to the Plan which Defendants later determined rendered Plaintiffs' receipt of early retirement pensions erroneous.  Plaintiffs allege Plaintiffs' decision to continue employment in the construction industry was permitted by the Plan.  Plaintiffs allege Defendants, upon determining that such erroneous benefits had been received by Plaintiffs, amended the Plan in December 2011, and terminated Plaintiffs' early retirement pensions beginning in February 2012 when five of the Plaintiffs elected to forgo further pension benefits and to continue employment in the construction industry which Defendants contend disqualified Plaintiffs from receiving early retirements from the Plan at the outset of Plaintiffs' early retirement election.  Thereafter, in December 2016, Defendants further amended the Plan to authorize a set-off in the amount of 25% of Plaintiffs' monthly pension payments received after Plaintiffs attained age 65, to which Plaintiffs were then entitled under the Plan, as a means to recoup the prior pension payments made according to Defendants by the Plan in error.  The instant action alleging violations of ERISA's anti-cut back provision based on Defendants' termination of Plaintiffs' early retirement benefits was commenced in January 2013.  On August 1, 2017, Plaintiffs commenced a second action following Plaintiffs' unsuccessful appeal of Defendants' December 2016 amendment authorizing the disputed set-offs of the early retirement benefits Defendants subsequently determined were erroneously paid.

1. Plaintiffs' Motions.

    a) Consolidation.

It is basic that under Fed.R.Civ.P. 42(a) ("Rule 42(a)"), consolidation of actions for pretrial proceedings and trial may be ordered where such actions involve a common question of law or fact. *J.H. v. Williamsville Central School District*, 2015 WL 2080221, at *4 (W.D.N.Y. May 4, 2015) (Rule 42(a) requires only either a common question of law or fact, which common questions need not predominate) (citing authorities). The court has broad discretion in balancing the interests of parties, witnesses and court as well as the time and expense entailed by separate proceedings. *J.H.*, 2015 WL 2080221, at *3. The fact that the actions have different parties is not a bar for consolidation. *See Garber v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973) (considering fact that some claims, defenses, or parties in separate actions may be different is not determinative as to whether cases may be consolidated, but only factors to be considered in determining whether benefits outweigh prejudice on consolidation motion); *see also Nat'l Ass'n of Mortgage Brokers v. Bd. of Governors of Federal Reserve System*, 770 F.Supp.2d 283, 286 (D.D.C. 2011). Here, Defendants concede *Metzgar* I and *Metzgar* II involve common issues of law and fact. Dkt. 74 ("*Metzgar* II involves the same facts and duplicates the central issue present in *Metzgar* I – did Plaintiffs retire [in accordance with the terms of Defendants' Pension Plan]"). A review of the complaints in *Metzgar* I and *Metzgar* II indicates both actions allege at least two identical claims, *i.e.*, Defendants' violation of 29 U.S.C. § 1054(g) (prohibiting unauthorized reductions or cutbacks by plan amendment in a beneficiary's pension benefits), and 29 U.S.C. § 1132(a)(1)(B) (wrongful termination of benefits). *Metzgar* I also alleges a breach of fiduciary duty (without reference to any ERISA provision) against Defendant

Koropolinski, the current Plan administrator and a claim for declaratory relief. In addition to these claims, *Metzgar* II alleges violation of 29 U.S.C. § 1132(a)(3) (breach of fiduciary duty) against Defendant Koropolinski, 29 U.S.C. § 1140 (prohibiting discriminatory treatment of Plan participants) against all Defendants in *Metzgar* I as well as nine past trustees of the Plan and the prior Plan Administrator, 29 U.S.C. § 1109(a) (personal liability of plan trustees for reimbursement of improperly paid benefits) ("§ 1109(a)"), and a claim for injunctive relief against Defendants' further attempt to recoup the alleged improper pension payments to Plaintiffs by set-offs against Plaintiffs' pension checks after reaching the Plaintiffs' eligibility age for pension under the Plan. In view of Defendants' failure to oppose Plaintiff's motion to consolidate for lack of the prerequisite common questions of law or fact, the court considers Defendants' additional contentions that *Metzgar* II should be dismissed or stayed pending disposition of *Metzgar* I, Dkt. 74 at 4-5, based on the asserted identicality with *Metzgar* II.[1] ("Defendants Request"). Defendants also contend, Dkt. 74 at 7, in filing *Metzgar* II, Plaintiffs' circumvented the Scheduling Order which required motions to amend to add claims or parties to be filed by November 4, 2016. (Dkt. 56). Plaintiffs oppose Defendants' Request contending *Metzgar* I and *Metzgar* II are not identical actions given that in contrast to *Metzgar* I, *Metzgar* II adds new defendants and additional claims including the alleged wrongful reductions in Plaintiff's current pension benefits based on Defendants interpretation of the Plan in December 2016 authorizing the Plan's attempt to recoup the pension benefits previously paid to Plaintiffs through substantial – 25% of each monthly pension check – set-offs in Plaintiffs' monthly pension checks

---

[1] Although Defendants have not formally moved to dismiss *Metzgar* II, as Plaintiffs have opposed Defendants' request to dismiss, the court considers such request as a motion.

upon Plaintiffs reaching age 65, constituting an adverse benefit determination in violation of § 1054(g). Although Plaintiffs allege the December 2016 determination as a factual basis for Plaintiffs' § 1054(g) claim, see *Metzgar* II Complaint ¶ 61, (Plaintiffs' First Cause of Action), *Metzgar* II does not allege a separate § 1054(g) claim based solely on the December 2016 determination. Second, *Metzgar* II, unlike *Metzgar* I, also alleges discriminatory administration of the Plan against Plaintiffs because Plaintiffs refused to agree to a settlement of Plaintiffs' claim offered to similarly situated Plan participants. *Metzgar* II Complaint ¶¶ 109-117 in violation of 29 U.S.C. § 1140 ("§ 1140(a)") (Plaintiffs' Fourth Cause of Action). Third, *Metzgar* II, but not *Metzgar* I, alleges Defendants are liable under 29 U.S.C. § 1109(a) to personally reimburse the Plan for any losses based on Defendants' allegedly erroneous payments to Plaintiffs in connection with Plaintiffs' early retirement pensions subsequently revoked in 2011. *See Metzgar* II Complaint ¶¶ 118-122. Defendants contend that such differences are irrelevant in that the controlling question common to both cases upon which Defendants' liability depends under all of Plaintiffs' claims is whether, under the terms of the Plan and applicable requirements of the Internal Revenue Code, Plaintiffs properly elected to take early retirement. Dkt. 74 at 7.

In the exercise of its inherent power to "foster judicial economy," "'comprehensive disposition of litigation,'" and to avoid unnecessary and vexatious concurrent litigation of the "same subject matter," courts have discretion when "faced with a duplicative" suit either to "stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions." *Curtis v. Citibank, N.A.,* 226 F.3d 133, 38 (2d Cir. 2000) (citing caselaw). In exercising such discretion, courts are required to "consider the equities of the situation." *Id.* (plaintiff's attempts to circumvent

adverse rulings on plaintiff's delayed attempts to amend complaint in job discrimination case warranted dismissal of second duplicative complaint (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976))). A subsequent action is duplicative of an earlier action where "[a]djudication of the claims [in the second action] would necessarily involve findings on the exact same facts required to resolve the claims in the first action." *DiGennaro v. Whitehair*, 467 Fed.Appx. 42, 44 (2d Cir. 2012) (bracketed material added). Here, adjudication of the merits of the new causes of actions, *i.e.*, reductions in Plan's monthly pension benefits, liability of Plan trustees for payment of alleged erroneous early pension benefits, and discrimination, alleged in *Metzgar* II will require, as Defendants assert, a threshold judicial decision whether Defendants' terminations of Plaintiffs' early retirement benefits after Defendants determined that Plaintiffs did not in fact properly retire by continuing employment with employers in the construction industry which were also Plan contributors were in compliance with ERISA. If Defendants' December 2011 determination is found to be correct, then Plaintiffs' other claims will necessarily also lack merit; conversely, if Defendants' threshold determination challenged in *Metzgar* I is found in violation of ERISA, then the merits of the additional claims raised in *Metzgar* II will be addressed. Plaintiffs' reliance on the fact that Defendants later, in 2016, authorized recoupment and reductions in Plaintiffs' regular pension payments ignores that the legality of this later 'self-help' action by Defendants nevertheless turns on whether Defendants' initial decision to terminate Plaintiffs' early retirement benefits in 2012 constituted a violation of § 1054(g). Thus, Plaintiffs' assertion that *Metzgar* I and *Metzgar* II are not duplicative is unavailing. *See DiGennaro*, 467 Fed.Appx. at 44 (subsequent claims duplicative where such claims "would necessarily involve findings on same facts required to resolve

the claim in the first action"). However, the court also finds that because Plaintiffs wish to add new claims and defendants based on the purported December 2016 Plan amendment which occurred in December 2016, after the November 4, 2016 cut-off for motions to amend established by the Scheduling Order, Plaintiffs have not thereby sought to circumvent the Scheduling Order.

Although Plaintiffs assert that without consolidation Plaintiffs may be subjected to unnecessary duplicative discovery practice, particularly potentially duplicative depositions, Dkt. 73 ¶¶ 22, 33, the court is unpersuaded. As discussed, Discussion, *supra*, at 8, because the legality of Defendants' December 2011 determination that Plaintiffs had not satisfied the Plan requirements for early retirement, and the termination of Plaintiffs' pensions (or alternatively requiring Plaintiffs to terminate Plaintiffs' disqualifying continued construction industry employment), will resolve the merits of Plaintiffs' core (ERISA anti-cutback) claims, requiring discovery to proceed in *Metzgar* I does not imply Plaintiffs will be required to undergo any significantly duplicative discovery in *Metzgar* II should it prove necessary to litigate the merits of *Metzgar* II. Whether Defendants correctly determined Plaintiffs did not meet the prerequisites for early, pre-age 65, retirement depends, according to Defendants, Dkt. 74 at 4, on whether Plaintiffs fully intended to retire from the construction industry covered by the Plan and whether Plaintiffs' subsequent employment in the industry was within an exception provided by the Plan. The necessary facts upon which these questions turn will be developed during discovery in *Metzgar* I, including Plaintiffs' depositions. Thus, assuming *Metzgar* II requires further litigation, it is unlikely Plaintiffs will be subject to duplicative depositions on such threshold questions as *Metzgar* II.

Any risk of such possible duplication may be substantially obviated by stipulation that discovery in *Metzgar* I is fully applicable in *Metzgar* II.

As to Plaintiffs' claim under § 1109(a), seeking to impose personal liability upon Defendants (as well as newly added Defendants, former Plan trustees, in *Metzgar* II), for erroneous payment of Plaintiffs' early retirement benefits, the court fails to see how any deposition testimony by Plaintiffs would be needed to support such claim as the underlying facts are easily reconstructed from Defendants' records and Defendants' depositions, if necessary. Plaintiffs' discrimination claim pursuant to § 1140 (Plaintiffs' Fourth Cause of Action), alleged by *Metzgar* II, would entail the need for Plaintiffs' depositions, assuming all Plaintiffs would need to be deposed with regard to this unusual claim, but it would not be duplicative of Plaintiffs' testimony in *Metzgar* I depositions. The possibility that Plaintiffs will be inconvenienced by being required to be deposed in *Metzgar* II on Plaintiffs' § 1140 claim is outweighed by the benefits of an earlier resolution of Plaintiffs' underlying anti-cut back claims in *Metzgar* I, without encumbering such resolution with the additional discovery and motion practice likely to arise if *Metzgar* II were not stayed, and consolidation, as Plaintiffs request, were to be permitted. Of course, Plaintiffs' claim for preliminary injunction in *Metzgar* II does not raise possible duplicative discovery issues nor deprive Plaintiffs of this remedy, as a formal pleading of such relief is not required, and Plaintiffs may seek preliminary injunctive relief in *Metzgar* I based on Plaintiffs' § 1054(g) claim which also provides the basis for Plaintiffs' challenge to Defendants' December 2016 decision to implement the set-offs against Plaintiffs' pension checks by motion pursuant to Fed.R.Civ.P. 65. Such request for preliminary injunctive relief will require Plaintiffs satisfy the usual prerequisites of showing irreparable harm, likelihood of success, a balance of equities in

Plaintiffs' favor, and an absence of harm to third parties.  Plaintiffs may, if Plaintiffs deem it necessary, also request permission to add the Defendants' December 2016 set-off decision to the Complaint in *Metzgar* I pursuant to Fed.R.Civ.P. 15(d), as a supplemental pleading regarding such decision and its adverse effect on Plaintiffs as additional particularization to support Plaintiffs' injunctive request.  The court therefore finds Plaintiffs' fears of excessive inconvenience to Plaintiffs by duplicative deposition practice in *Metzgar* II to be overstated, and, in any event, to be outweighed by the possibility of early resolution of *Metzgar* I and the threshold merits for each case.

In sum, given that a definitive and prompt determination of the threshold issue presented by Defendants' decision, challenged in *Metzgar* I, to terminate Plaintiffs' early retirement benefits will in all likelihood also completely resolve the new claims presented in *Metzgar* II, the court finds the allowing *Metzgar* II to go forward whether or not consolidated with *Metzgar* I, poses the risk that such threshold determination may be significantly delayed.  Specifically, counsel for Defendants in *Metzgar* I indicated at oral argument that *Metzgar* II raised substantial statute of limitations and personal service questions which will become the basis for a motion to dismiss and which, if consolidation were to be granted, could hinder early determination of the threshold question presented by both cases.  Thus, the court, in its discretion, finds that consolidation as Plaintiffs request should not be granted and that further proceedings in *Metzgar* II should be, in accordance with Defendants' Request, STAYED pending the resolution of the merits of *Metzgar* I.  *See Curtis*, 226 F.3d at 138 (courts have discretion to stay duplicative suits).  Defendants' alternative request to dismiss *Metzgar* II should be DISMISSED as moot.

b) <u>Plaintiffs' Motion for Stay or Protective Order</u>.

As the court finds *Metzgar* II should be stayed, and *Metzgar* I should proceed, Plaintiffs' motion for a stay or protective order should be DENIED.

2. <u>Defendants' Motion to Compel</u>.

Defendants contend Plaintiffs' answers to Defendants' Interrogatory No. 4 provided the requested employment information after Plaintiffs commenced receiving pension benefits from Defendants but did not, as Interrogatory No. 4 also required, provide Plaintiffs' "job information for [Plaintiffs'] employment <u>prior</u> <u>to</u> receiving pensions." Dkt. 69-1 ¶ 23 (underlining and bracketed material added). Plaintiffs do not dispute Plaintiffs' responses failed to provide Plaintiffs' pre-pension employment information requested by Interrogatory No. 4 arguing, instead, in opposition to Defendants' motion that the refused information need not be provided in as much as Defendants are, according to Plaintiffs, possessed of such information, Dkt. 73 ¶ 34. Plaintiffs also maintain that such information is also irrelevant as there is no claim by Defendants that Plaintiffs were not performing Covered Employment as defined by the Plan prior to commencing receipt of the pension benefits at issue. Dkt. 73 ¶ 35. However, Plaintiffs' objections are significantly belated and ineffective because the April 24, 2017 Order was granted without opposition, no appeal was taken, and, as such, the Order is now the law of the case. Moreover, even if Plaintiffs' relevancy objection could be considered, Defendants have put in issue whether Plaintiffs in fact retired in accordance with the terms of the Plan when Plaintiffs continued to work for Plan employers after taking early retirement thereby requiring a comparison of Plaintiffs' work before and after commencing retirement to receive the now disputed pension benefits. Dkt. 74 at 6. Accordingly, Defendants' Interrogatory No. 4, insofar as it requests

Plaintiffs' pre and post retirement employment information, seeks, contrary to Plaintiffs' assertion, information relevant to Plaintiffs' claims and Defendants' defenses and counterclaims for recoupment of pension benefits erroneously paid to Plaintiffs. Plaintiffs point to no authority supporting Plaintiffs' relevancy objection as to this issue in a case asserting claims similar to those of Plaintiffs. It also is the case, as the court has previously stated in granting Defendants' earlier motion, filed December 21, 2016, Dkt. 58, to compel Plaintiffs' mandatory disclosures pursuant to Fed.R.Civ.P. 26(a)(1), *see* Dkt. 62, that a party may not avoid discovery on the ground an opposing party may be in possession of requested relevant information. *See* Decision and Order filed January 17, 2017 (Dkt. 62 at 2 (citing *Kingsway Fin. Services, Inc. v. Pricewaterhouse-Coopers LLP*, 2008 WL 4452134, at *5 (S.D.N.Y. Oct. 2, 2008) (citing cases))). Thus, there is no justification for Plaintiffs' continued failure to completely answer Defendants' Interrogatory No. 4. Defendants' motion to compel with respect to Interrogatory No. 4 should therefore be GRANTED. However, rather than imposing the harsher sanctions for Plaintiffs' unexcused failure to comply fully with the April 24, 2014 D&O, as available under Fed.R.Civ.P. 37(b)(2)(A) ("Rule 37(b)(2)(__)"), the court will permit Plaintiffs to avoid such sanctions by promptly serving supplemental answers to Defendants' Interrogatory No. 4 in full compliance with the requests as stated in such interrogatory <u>not later than 14 days</u> from the date of this Decision and Order. The court, however, nevertheless is required to consider awarding Defendants' request for fees in accordance with Rule 37(b)(2)(C) as Defendants have requeted.

3. <u>Plaintiffs' Depositions</u>.

Defendants further request court intervention to compel Plaintiffs' depositions notices with proposed dates which were served by Defendants on February 24, 2017.

Dkt. 69-1 ¶ 4.  Plaintiffs failed to immediately respond to Defendants' requests to schedule such depositions despite Defendants' repeated attempts to establish dates, *see* Dkt. 69-1 ¶¶ 8-12.  In response to Defendants' effort to schedule Plaintiffs' depositions within a time period proposed <u>by Plaintiffs</u>, Plaintiffs nevertheless refused to confirm any such dates and instead advised Defendants a new complaint adding claims and defendants in *Metzgar* II would be served and would not agree to schedule any depositions of Plaintiffs in the instant action pending the new action being filed, a stay of all discovery in this case, and consolidation with the instant case, *Metzgar* I, so as to avoid possible duplication of discovery and deposition practice.  Dkt. 69-1 ¶¶ 17-20.  In opposition, Plaintiffs do not dispute Defendants are entitled to take Plaintiffs' depositions but contend that the new action, *Metzgar* II, should be first consolidated with the instant action, *Metzgar* I, and further discovery coordinated in the consolidated action in order to avoid unnecessary duplication and expense.  Dkt. 73-5 at 5.  However, as discussed, *supra*, at 11, based on the court finding that *Metzgar* II is sufficiently duplicative of *Metzgar* I as to warrant a stay of *Metzgar* II, there will be no discovery, including depositions in *Metzgar* II, until such time as the merits of Plaintiffs' basic claims in *Metzgar* I, and the same underlying and threshold claims presented in *Metzgar* II, are resolved and the court determines that *Metzgar* II may, if necessary, proceed.  Accordingly, Defendants' motion (Dkt. 69) to schedule and conduct Plaintiffs' depositions in *Metzgar* I should be GRANTED; such depositions shall be conducted <u>within</u> <u>60</u> <u>days</u> of this Decision and Order.

## CONCLUSION

Based on the foregoing, Plaintiffs motion to consolidate (Dkt. 72, Dkt. 5) is DENIED; Defendants' request (Dkt. 74) to stay *Metzgar* II is GRANTED; Defendants' alternative motion (Dkt. 74) to dismiss is DISMISSED as moot; Defendants' motion to compel (Dkt. 69) is GRANTED.  Plaintiff shall show cause <u>not later than 14 days</u> from this Decision and Order why Defendants' expenses, including reasonable attorneys fees, incurred in connection with Defendants' motion should not be granted in accordance with Fed.R.Civ.P. 37(b)(2)(C) with respect to Plaintiffs' failure to comply with the April 24, 2017 Order to provide complete answers to Defendants Interrogatory No. 4, and pursuant to Fed.R.Civ.P. 37(c)(3) with respect to Plaintiffs' refusal to schedule Plaintiffs' deposition; Defendants' response shall be filed <u>not later than 14 days</u> thereafter.  Oral argument shall be at the courts discretion.  An Amended Scheduling Order as to further proceedings in *Metzgar* I will be filed by the court. SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: August 29, 2017
       Buffalo, New York