UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GARY METZGAR, RICHARD MUELLER,
KEVIN REAGAN, RONALD REAGAN,
CHARLES PUGLIS, SHERWOOD NOBLE,
DANIEL O'CALLAGHAN,
        Plaintiffs,

  v.

U.A. PLUMBERS AND STEAMFITTERS LOCAL
 NO. 22 PENSION FUND,
BOARD OF TRUSTEES OF U.A. PLUMBERS AND
 STEAMFITTERS LOCAL NO. 22 PENSION FUND, and
DEBRA KOROPOLINSKI, in her capacity as Plan
 Administrator, for the U.A. Plumbers and Steamfitters
 Local 22 Pension Fund,
        Defendants.
_____

**DECISION
and
ORDER**

**13-CV-85V(F)**

APPEARANCES:  CHRISTEN ARCHER PIERROT, ESQ.
        Attorney for Plaintiffs
        3959 N. Buffalo Road
        Orchard Park, New York 14127

        COLLIGAN LAW LLP
        Attorneys for Plaintiffs
        MATTHEW K. PELKEY, of Counsel
        12 Fountain Plaza, Suite 600
        Buffalo, New York 14202

        BLITMAN & KING
        Attorneys for Defendants
        JULES L. SMITH, of Counsel
        The Powers Building
        16 West Main Street, Suite 207
        Rochester, New York 14614

   In this action alleging pension cut-backs in violation of ERISA, Plaintiffs move for reconsideration of the court's Decision and Order, Dkt. 77, filed August 29, 2017 ("the "D&O") insofar as it granted Defendants' motion to compel Plaintiffs to respond fully to Defendants' Interrogatory No. 4 ("Interrogatory No. 4"), and to show cause why sanctions should not be awarded to Defendants in accordance with Fed.R.Civ.P.

37(b)(2)(C) based on Plaintiffs' refusal to fully respond to Interrogatory No. 4 and agree to schedule Plaintiffs' depositions ("Plaintiffs' motion"). Dkt. 79. Specifically, Plaintiffs assert that the D&O erred in finding that Plaintiffs' objections to Interrogatory No. 4 were untimely based on Plaintiffs' failure to oppose Defendants' prior cross-motion to compel, Dkt. 63, filed March 29, 2017, seeking to compel, *inter alia*, Plaintiffs' responses to Interrogatory No. 4 resulting in the court's Order, Dkt. 67, filed April 24, 2017 ("the April 24, 2017 Order" or "the Order"), granting Defendants' motion as without opposition, and directing Plaintiffs' responses by served not later than May 5, 2017. *See* Dkt. 67. Because of Plaintiffs' failure to comply with the April 24, 2017 Order particularly with respect to Interrogatory No. 4, Defendants again moved, on July 26, 2017, to compel Plaintiffs' compliance with the Order, specifically, that Plaintiffs provide information for Plaintiffs' pre-retirement employment and agree to a schedule for depositions of Plaintiffs. (*See* Dkt. 69, ¶ 25(b)). In addition to presenting arguments in support of Plaintiffs' cross-motion to consolidate Plaintiffs recently filed a motion to consolidate 17-CV-726V(F) with the instant case (Dkt. 72), to stay discovery, and for a protective order, Plaintiffs also opposed Defendants' motion to compel Plaintiffs' complete responses to Interrogatory No. 4 contending, based on Plaintiffs' objections, that Defendants were in possession of the requested information pertaining to Plaintiffs' employment prior to taking early retirements and related pensions, Dkt. 72 ¶ 34, and that the interrogatory seeks irrelevant information. *Id.* ¶ 35. As noted, the D&O found Plaintiffs' objections, which had been asserted in Plaintiffs' answers to Interrogatory No. 4 served on May 5, 2017 in compliance with the April 24, 2017 Order, "belated and ineffective," D&O at 12, given Plaintiffs' failure to oppose Defendants' prior cross-motion (*see* Dkt. 66 ¶ 4) to

compel which had been granted by the April 24, 2017 Order and which Plaintiffs did not appeal nor seek reconsideration.

In support of Plaintiffs' motion, Plaintiffs assert the court should not have determined in the D&O that Plaintiffs' objections to Interrogatory No. 4 as stated in Plaintiffs' answers were ineffective based on a distinction held by Plaintiffs' counsel between a motion to compel discovery only and a motion to compel discovery including a request to find the responding party waived objections pursuant to Fed.R.Civ.P. 33(b)(4) (untimely objections waived unless excused by the court). *See* Dkt. 79-1 ¶¶ 3, 5. Plaintiffs also rely on the fact that in Defendants' cross-motion to compel (Dkt. 64) resulting in the April 24, 2017 Order, Defendants did not specifically raise Plaintiffs' failure to timely object to Interrogatory No. 4. *See* Dkt. ¶ 4. Plaintiffs also argue that the April 24, 2017 Order did not determine that Plaintiffs had waived any potential objections to Interrogatory No. 4. *Id.* ¶ 8. Plaintiffs further contend that in seeking to amend the Scheduling Order Plaintiffs asserted Plaintiffs' counsel, based on workload and personal considerations, required additional time to prepare and serve Plaintiffs' answers to Defendants' Interrogatories. *See* Dkt. 79-1 ¶ 13 (referencing Dkt. 63, ¶¶ 2, 7). However, in requesting the court compel Plaintiffs' responses to Defendants' discovery requests, Defendants did state Plaintiffs had failed to "timely" respond, Dkt. 64-1 ¶ 5, and Plaintiffs do not contend that Plaintiffs served any responses to Defendants' Interrogatories including timely served objections, *i.e.*, within 30 days of Defendants' service of Interrogatory No. 4 as required by Fed.R.Civ.P. 33(b)(2) ("Rule 33(b)(2)"). Specifically, Plaintiffs' answers were due March 27, 2017 and Plaintiffs' motion to amend the Scheduling Order was filed March 29, 2017 (Dkt. 63). It is well-established that an unexcused failure to comply with Rule 33(b)(2) absent an extension

3

of time to respond by stipulation or court order results in a waiver of any potential objections. *See* Baicker McKee, Janssen, Corr, FEDERAL RULES OF CIVIL PROCEDURE (Thomson Reuters 2017) at 860 (citing caselaw). Plaintiffs point to no such stipulation or court order extending Plaintiffs' time to answer Defendants' Interrogatories in this case. Although Plaintiffs claim to have been "shocked" by Defendants' April 6, 2017 cross-motion to compel, Plaintiffs neglected to oppose it, as noted and relied upon by April 24, 2017 Order. If Plaintiffs genuinely believed Defendants had agreed to extend the period for Plaintiffs' answers to Defendants' Interrogatories thereby enlarging the time for Plaintiffs' to assert timely objections to Interrogatory No. 4, it was incumbent upon Plaintiffs to raise this as a ground in opposition to Defendants' cross-motion to compel at that time. Nor could Plaintiffs reasonably believe that by granting Plaintiffs' request to amend the scheduling order to extend that time within which to complete discovery in the case the court thereby also excused, *nunc pro tunc*, Plaintiffs' failure to timely object to Interrogatory No. 4. In short, Plaintiffs' apparent belief that by amending the Scheduling Order to extend the period for discovery to be completed the court thereby also enlarged the time for Plaintiffs to serve objections, which had then expired, was mistaken. In these circumstances the court can hardly be faulted for concluding in the D&O that Plaintiffs' failure to oppose Defendants' cross-motion acknowledged Plaintiffs' responses were, absent a stipulation by Defendants or court order as permitted by Rule 30(b)(2), overdue and that any objections, in accordance with Rule 30(b)(2), had thus been waived.

None of the cases relief upon by Plaintiffs, *see* Dkt. 5, 10 (citing *Senat v. City of New York*, 255 F.R.D. 338, 339 (E.D.N.Y. 2009); *Zakre v. Norddeutsche Landesbank Girozentrale,* 2003 WL 22208364, at *1 (S.D.N.Y. Sept. 23, 2003); *Limu Co., LLC v.*

4

*Burling,* 2013 WL 1482760, at *1 (M.D. Fla. Apr. 11, 2013); *Callaway Golf Co. v. Corp. Trade Inc.*, 2011 WL 1642377, at *2 (S.D.N.Y. Apr. 24, 2011)), supports Plaintiffs' contention that any finding by the court that a responding party's failure to comply with Rule 33(b)(2) results in a waiver of objections must be specifically requested in a motion to compel. *See* Dkt. 79-1 ¶ 5. Rather, carefully read, these cases are simply examples of the court's authority under Rule 30(b)(2) to excuse a responding party's failure to timely respond to outstanding discovery requests without also waiving objections where the circumstances such as the exercise of reasonable diligence by the answering party to comply with a requesting party's extensive discovery requests warranted such excuse. *See, e.g., Calloway Golf Co.*, 2011 WL 1642377, at *2 (responding party did not waive objections where responses to numerous discovery requests were provided albeit belated); *Zakre*, 2003 WL 22208364, at *1 (responding party excused from timely compliance because of difficulties in timely responding to large number of requests). Plaintiffs' argument, Dkt. 79-1 ¶ 7; Dkt. 82 ¶ 4, that unless the requesting party specifically raises the opponent's failure to timely serve objections, such failure should be overlooked by the court on a motion to compel is also without merit. Rule 33(b)(4) is unequivocal – absent a stipulation for an exclusion of time to respond or a judicial determination that the delay in response was excusable, objections are waived. Plaintiffs cite to no authority in support of Plaintiffs' novel proposition, and the court's research reveals none.

In any event, in the D&O, the court found that Plaintiffs' objections lacked merit, as the pre-employment information requested by Interrogatory No. 4 was relevant to both Plaintiffs' claims and Defendants' defenses, and the fact that a requesting party possesses requested information is no bar to discovery of such information absent

special circumstances.  See Dkt. 77 at 1-13.  Significantly, Plaintiffs' motion does not request reconsideration of that finding.  Therefore, the court concludes that the D&O did not "overlook controlling authority or factual information that could reasonably alter the decision in question," as required for reconsideration on the issues addressed by Plaintiffs.  *Roth v. 2810026 Canada Limited Ltd.,* 2017 WL 1337572, at *2 (W.D.N.Y. Apr. 12, 2017) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) and caselaw).  Nor do Plaintiffs points to anything to demonstrate that failure to reconsider the D&O on the only issue addressed by Plaintiffs' motion would produce an unjust result, and Plaintiffs do not so contend.  *Id.* citing *Kolel Beth Yechiel Mechil of Tartikov, Inc. Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)).

## CONCLUSION

Based on the foregoing, Plaintiffs' motion (Dkt. 79) is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:  October 4, 2017
        Buffalo, New York