UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| GARY METZGAR, RICHARD MUELLER,<br>KEVIN REAGAN, RONALD REAGAN,<br>CHARLES PUGLIS, SHERWOOD NOBLE,<br>DANIEL O'CALLAGHAN, | **DECISION**<br>**and**<br>**ORDER** |
| Plaintiffs, | 13-CV-85V(F) |
| v. | |
| U.A. PLUMBERS AND STEAMFITTERS LOCAL<br>  NO. 22 PENSION FUND,<br>BOARD OF TRUSTEES OF U.A. PLUMBERS AND<br>  STEAMFITTERS LOCAL NO. 22 PENSION FUND, and<br>DEBRA KOROPOLINSKI, in her capacity as Plan<br>  Administrator, for the U.A. Plumbers and Steamfitters<br>  Local 22 Pension Fund, | |
| Defendants. | |

_____

| | |
|---|---|
| GARY METZGAR, RICHARD MUELLER,<br>SHERWOOD NOBLE, DANIEL O'CALLAGHAN,<br>CHARLES PUGLIA, KEVIN REAGAN,<br>RONALD REAGAN, | |
| Plaintiffs, | |
| v. | 17-CV-726V(F) |
| U.A. PLUMBERS AND STEAMFITTERS LOCAL<br>  NO. 22 PENSION FUND,<br>BOARD OF TRUSTEES OF U.A. PLUMBERS AND<br>  STEAMFITTERS LOCAL NO. 22 PENSION FUND,<br>DONALD BROWN, JR., RICHARD COSTANZO,<br>JEREMIAH DONOVAN, DAVID GRIMBLE,<br>PATRICK LOOMIS, RANDOLPH LUTZ,<br>ROBERT E. MAZE, DAVID QUACKENBUSH,<br>PETE SEAGER, SR., DANIEL BRITZZALARO,<br>RICHARD EVANS, JOHN NUTTLE, VAN MOLLENBERG,<br>DAVID MUSKOPF, JOHN SAMAR, GEORGE, SCHALK,<br>E. MICHAEL REDMOND, DEBRA KORPOLINSKI, | |
| Defendants. | |

_____

APPEARANCES:         CHRISTEN ARCHER PIERROT, ESQ.
                     Attorney for Plaintiffs
                     45 S. Grove Street, B
                     East Aurora, New York 14052

                     COLLIGAN LAW LLP
                     Attorneys for Plaintiffs
                     MATTHEW K. PELKEY, of Counsel
                     12 Fountain Plaza, Suite 600
                     Buffalo, New York 14202

                     BLITMAN & KING
                     Attorneys for Defendants
                     JULES L. SMITH, of Counsel
                     The Powers Building
                     16 West Main Street, Suite 207
                     Rochester, New York 14614

In this ERISA case alleging Defendants' violations of ERISA's anti-cutback prohibitions and related rules, in a Decision and Order filed August 29, 2017 (Dkt. 77) ("the D&O"), the court granted Defendants' motion to compel Plaintiffs' full responses to Defendants' Interrogatories, particularly Interrogatory No. 4, and requests to schedule Plaintiffs' depositions ("Defendants' Motion"), and denied Plaintiffs' cross motion to consolidate and stay discovery. The court also directed Plaintiff to show cause why Defendants' expenses in connection with Defendants' motion should not be awarded pursuant to Fed.R.Civ.P. 37(b)(2)(C) ("Rule 37(b)(2)(C)"), and pursuant to Fed.R.Civ.P. 37(d)(3) ("Rule 37(d)(3)") with respect to Plaintiffs' refusal to reschedule Plaintiffs' depositions which Defendants also sought to compel. In response to the court's directions, Plaintiff, by motion filed September 12, 2017 (Dkt. 79), moved for reconsideration of the D&O and opposed any award of expenses to Defendants. By Decision and Order filed October 4, 2017 (Dkt. 83), the court denied Plaintiffs' reconsideration request. The court therefore considers whether Plaintiffs have satisfied

the requirements of Rule 37(b)(2)(C) and Rule 37(d)(3) that Plaintiffs' refusals to fully respond to Defendants' Interrogatory No. 4 and schedule Plaintiffs' depositions were substantially justified or that under the circumstances an award would be unjust. In Plaintiffs' reconsideration request, Plaintiffs' opposition was limited to Plaintiffs' contention that an award of expenses would be unjust in these circumstances because Plaintiffs' failure to provide full answers to Defendants' Interrogatories resulted from a "mere misunderstanding" and not an "intentional" violation of the court's April 24, 2017 Order which granted Defendants' prior motion to compel Plaintiffs' responses (Dkt. 79-1 ¶ 20). Plaintiffs also contend that Defendants' motion to compel Plaintiffs' full responses to Defendants' Interrogatories filed April 6, 2017 (Dkt. 64) was then unnecessary because Plaintiffs' counsel was then "working to prepare the responses and serve them under an extended deadline." *Id.* Plaintiffs also assert Plaintiffs have complied with the D&O by serving complete answers to Defendants' Interrogatory No. 4 which requested Plaintiffs' pre- and post-retirement information. *Id.* ¶ 21.

It is well established that unless a responding party shows that its failure to provide requested discovery was substantially justified, the court upon granting a motion to compel is required to award the prevailing moving party its reasonable expenses including attorney's fees incurred in connection with the motion, *see Scott-Iverson v. Independent Health Association, Inc.*, 2017 WL 759843, at *2 (W.D.N.Y. Feb. 28, 2017) (quoting Rule 37(a)(5)(B)), or unless the award in the circumstances would be unjust. *Id.* Failure to provide discovery is substantially justified if there exists an objectively reasonable basis for the failure. *Id.* (citing caselaw). An award would be unjust if the failure was attributable to factors beyond the party's control. *Id.* Here, Plaintiffs'

opposition is insufficient to avoid an award for several reasons.  First, the failure to provide complete answers to Defendants' Interrogatories which gives rise to Defendants' request for sanctions is Plaintiffs' failure to provide complete answers to Defendants' Interrogatory No. 4, which was the basis for Defendant's July 26, 2017 motion to compel as granted by the D&O.  Thus, that Plaintiffs' answers to Defendants' Interrogatories as directed by the April 24, 2017 Decision and Order were being prepared ignores that Plaintiffs had interposed objections to Defendants' Interrogatory No. 4 which were subsequently overruled by the D&O, and Plaintiffs have failed to explain why said objections based primarily on an alleged lack of relevancy were substantially justified, thus necessitating Defendants' second motion to compel filed July 26, 2017.  Accordingly, the record does not support Plaintiffs intended to provide full responses to Defendants' Interrogatory No. 4 any time prior to Defendants' motion.  Plaintiffs point to no facts suggesting that Plaintiffs' failure to respond fully to Defendants' Interrogatory No. 4, which necessitated Defendants' motion, somehow was influenced by factors outside of Plaintiffs' counsel's control.  Nor do Plaintiffs offer any reason for Plaintiffs' refusals to schedule Plaintiffs' depositions in response to Defendants' repeated requests (eight), *see* Dkt. 69-1 ¶¶ 8-20, again necessitating Defendants' July 26, 2017 motion.  That Plaintiffs intended to file a second lawsuit alleging additional ERISA claims, *see id.* ¶ 17, and request consolidation and a stay of discovery, *see id.*, does demonstrate that Plaintiffs' refusal to proceed with Plaintiffs' depositions as Defendants requested was thereby substantially justified, and Plaintiffs do not so argue.  Defendants' repeated deposition requests were fully warranted by the fact that discovery was to conclude on July 31, 2017.  *See id.*  Plaintiffs' refusal to agree

to Defendants' requests to schedule Plaintiffs' depositions was therefore based on the supposition that the court would agree to Plaintiffs' request, filed in response to Defendants' motion, to consolidate and stay discovery, a supposition rejected by the court as without merit in this case. See D&O at 5-11. Thus, Plaintiffs fail to establish that an award of Defendants' expenses pursuant to Rules 37(b)(2) and 37(d)(3) is not warranted. See Scott v. Arex, Inc., 124 F.R.D. 39, 42 (D.Conn. 1989) (burden to show substantial justification for noncompliance with discovery or that award pursuant to Rule 37 is unjust is on resisting party). Further, as Plaintiffs do not offer any information as to how such expenses should be allocated pursuant to Rules 37(b)(2)(C) and 37(d)(3), the court finds that Plaintiffs' refusals resulted primarily from decisions by Plaintiffs' counsel.

## CONCLUSION

Based on the foregoing, Defendants' request for expenses is GRANTED. Defendants shall file within 14 days Defendants' affidavit in support of an award of Defendants' expenses based on contemporaneously maintained attorney trial records. Plaintiffs' response shall be filed within 14 days thereafter. Any reply shall be filed within 5 days. Oral argument shall be at the court's discretion. The parties are encouraged to stipulate to said award so as to avoid further judicial involvement. SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: October 17th, 2017
Buffalo, New York