UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| GARY METZGAR, RICHARD MUELLER,<br>KEVIN REAGAN, RONALD REAGAN,<br>CHARLES PUGLIA, SHERWOOD NOBLE,<br>DANIEL O'CALLAGHAN,<br>　　　　　　　　　　　Plaintiffs,<br>　v.<br><br>U.A. PLUMBERS AND STEAMFITTERS LOCAL<br>　NO. 22 PENSION FUND,<br>BOARD OF TRUSTEES OF U.A. PLUMBERS AND<br>　STEAMFITTERS LOCAL NO. 22 PENSION FUND, and<br>DEBRA KOROPOLINSKI, in her capacity as Plan<br>　Administrator, for the U.A. Plumbers and Steamfitters<br>　Local 22 Pension Fund,<br>　　　　　　　　　　　Defendants. | DECISION<br>and<br>ORDER<br><br>13-CV-85V(F) |

_____

APPEARANCES:　　　　CHRISTEN ARCHER PIERROT, ESQ.
　　　　　　　　　　　　　Attorney for Plaintiffs
　　　　　　　　　　　　　3959 N. Buffalo Road
　　　　　　　　　　　　　Orchard Park, New York 14052

　　　　　　　　　　　　　COLLIGAN LAW LLP
　　　　　　　　　　　　　Attorneys for Plaintiffs
　　　　　　　　　　　　　A. NICHOLAS FALKIDES,
　　　　　　　　　　　　　MATTHEW K. PELKEY, of Counsel
　　　　　　　　　　　　　12 Fountain Plaza, Suite 600
　　　　　　　　　　　　　Buffalo, New York 14202

　　　　　　　　　　　　　BLITMAN & KING
　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　DANIEL R. BRICE,
　　　　　　　　　　　　　JULES L. SMITH, of Counsel
　　　　　　　　　　　　　The Powers Building
　　　　　　　　　　　　　16 West Main Street, Suite 207
　　　　　　　　　　　　　Rochester, New York 14614

In this ERISA action alleging Defendants' violations of ERISA's anti-cutback rule, denial of benefits and breach of fiduciary duty, in a Decision and Order filed November 18, 2018 (Dkt. 135) ("the November 18, 2018 D&O") the court determined Plaintiffs were entitled to reasonable attorneys fees and costs pursuant to Fed.R.Civ.P.

37(a)(5)(A) incurred in connection with Plaintiffs' motions to compel, filed November 15, 2017 (Dkt. 86), which the court granted in part, denied in part, and dismissed in part as moot in its Decision and Order filed June 6, 2018 (Dkt. 128) ("the June 6, 2018 D&O").[1] Specifically, the June 6, 2018 D&O determined the Plaintiffs should receive copies of the minutes and agendas of 10 meetings conducted by Defendants prior to the commencement of the instant action addressing the main issue in this case – *viz*, whether Plaintiffs had been erroneously approved for early retirement pensions requiring Defendants to suspend Plaintiffs' pensions unless Plaintiffs terminated their continued employment with Plaintiffs' former participating employers in order to comply with the requirement imposed by § 401(a) of the Internal Revenue Code. The June 6, 2018 D&O also determined the Plaintiffs' request for additional documents relating to Defendants' Voluntary Compliance Program ("VCP") submission to I.R.S. should be denied, as well as Plaintiffs' demand for a more acceptable statement of Defendants' rate of return on the Defendant Fund's investments, non-redacted portions of certain Defendants' agendas and meeting minutes as irrelevant to Plaintiffs' claims, copies of Defendants' minutes approving Plaintiffs' early retirement pensions, Defendants' minutes for five meetings conducted after this action was commenced, and Plaintiffs' request for an *in camera* inspection of all documents requested by Plaintiffs particularly Defendants' meeting minutes and agendas. Plaintiffs' relief was, as noted, *supra*, accordingly limited to the agendas and minutes of Defendants' meetings addressing the Defendants' response to Defendants' belated determination that Plaintiffs' pensions had been improperly approved and required the suspension or employment terminations at

---

[1] As Plaintiffs' motion was granted in part and denied in part, an award is pursuant to Fed.R.Civ.P. 37(a)(5)(C).

2

issue in this case an action necessary, in Defendants' opinion, to preserve the tax-exempt status of the Defendants' Trust and Plan.

Before the court is Plaintiffs' request, filed December 19, 2018 (Dkt. 136) in accordance with the November 20, 2018 D&O, for an award of $12,622.05 in attorneys fees incurred by Plaintiffs' law firm, representing a 30% reduction from $18,031.50 which according to Plaintiffs, is the actual amount of fees incurred based on 79.6 hours of time consumed by Plaintiffs' attorneys Matthew K. Pelkey and A. Nicholas Falkides whose hourly rates are $320 and $300 respectively, who were assisted by Associate Robert Townsley at $200 per hour and Law Clerk Christina Kennedy at $95 per hour, all who practice with the Colligan Law Firm in Buffalo. Plaintiffs attach a copy of the billing invoice to Plaintiffs' lead counsel Christen Archer Pierrot ("Plaintiffs Fee Request"). However, there is no indication that any portion of the invoice, as reduced, has been paid to date for the purposes of Plaintiffs' Fee Request.[2]

In opposition, filed January 2, 2019 (Dkt. 137), Defendants contend Plaintiffs' Fee Request is severely disproportionate to the degree of Plaintiffs' actual success on Plaintiffs' underlying motion to compel. Dkt. 137 at 4-5. Specifically, Defendants contend that except for production of the minutes and agendas for 10 of Defendant Trustees' meeting at which the suspension of Plaintiffs' pensions was discussed, none of Plaintiffs' other six requests asserted in Plaintiffs' motion were granted by the court. Dkt. 137 at 4-5. Defendants also argue the additional material Plaintiffs' motion obtained from Defendants was of no benefit to Plaintiffs as it did not result in additional discovery for Plaintiffs nor was it utilized by Plaintiffs in support of Plaintiffs' later motion

---

[2] Defendants do not raise this issue in opposition to Plaintiffs' motion.

3

for summary judgment or in opposing Defendants' motion for summary judgment. Dkt. 137 at 5 n. 1. Defendants further ague that even with the 30% reduction, Plaintiffs' proposed Fee Request is nevertheless excessive. Dkt. 137 at 6-9. Defendants do not, however, object to Plaintiffs' attorneys' billing rates (*see* Dkt. 137 (*passim*)). In particular, Defendants argue Plaintiffs' motion to compel was not complex and that even Plaintiffs' motion, based on 14 hours of billable attorney time, is excessive. Dkt. 137 at 7. Defendants further object to Plaintiffs' expenditure of 40 hours claimed for Plaintiffs' reply (Dkt. 92), in which Plaintiffs asserted that the requested documents pertaining to Defendant Trustees' meeting agendas and minutes, were outside the attorney-client privilege as Defendants had asserted in opposition to Plaintiffs' discovery request based on the fiduciary exception. In the June 6, 2018 D&O the court found, *inter alia*, that, except for Defendant Trustees' meetings occurring after suit was filed in this case, the requested documents were not privileged at the outset as Defendants intended to provide the substance of the subject matter to Plaintiffs and the I.R.S. in Defendants' subsequently filed VCP and, as such, the requisite degree of continuing confidentiality did not attach to these documents. Dkt. 128 at 9-14. Defendants further contend Plaintiffs' request for fees for both Messers. Pelkey and Falkides to attend the oral argument on Plaintiffs' motion conducted December 19, 2017, was unnecessary as duplicative, Dkt. 137 at 8, and that all entries following oral argument pertain to an unauthorized sur-rebuttal letter-brief and other matters, such as Plaintiffs' expected summary judgment motion, not directly related to Plaintiffs' motion. Dkt. 137 at 9.

In reply, filed January 7, 2019 (Dkt. 138), Plaintiffs argue Plaintiffs' motion was effective in obtaining important materials relevant to Plaintiffs' claims, that Plaintiffs' Fee Request is not excessive and that Plaintiffs' proposed 30% reduction sufficiently

4

addresses any potential issues arising from Plaintiffs' use of block-billing and ambiguous entries. Dkt. 138 at 5-6. Plaintiffs also contend the Fee Request is not excessive as regards Plaintiffs' Reply in that Plaintiffs utilized a law clerk with a significantly lower billing rate for more than 10 of the 40 hours incurred for the Reply. *Id.* at 7. Plaintiffs further request Plaintiffs be permitted to supplement Plaintiffs' Fee Request for the time incurred in preparing Plaintiffs' Fee Request. Dkt. 138 at 8-9 (citing caselaw).

In awarding expenses, as in this case, a sanction pursuant to Fed.R.Civ.P. 37(a)(5) or Rule 37(a)(5)(C), courts are limited to granting reasonable attorneys fees based on the number of hours expended in support of a motion to compel, and a reasonable hourly billing rate. *See Robbins & Myers, Inc. v. J.H. Huber Corporation*, 2011 WL 5326259, at *3 (W.D.N.Y. Nov. 3, 2011) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Courts also fashion the award to take into account the extent of success realized by the successful movant as a result of the motion to compel. *S.E.C. v. Yorkville Advisors, LLC*, 2015 WL 855796, at **4-5 (S.D.N.Y. Feb. 17, 2015), and may "reduce the fee applications for time spent on unsuccessful arguments." *Id.* at *12 (citing caselaw) (reducing by 40% time submitted by defendant's attorney and 50% for time spent by paralegal as excessive). *See Pilot Air Freight Corporation v. City of Buffalo*, 1996 WL 107101, at *5 (W.D.N.Y. Mar. 8, 1996) (reducing attorney fees awarded in connection with motion to compel in proportion to successful requests). Additionally, the party seeking attorneys fees has the burden to establish that the "number of hours for which compensation is sought is reasonable." *S.E.C.*, 2015 WL 855796, at * 11 (citing caselaw). Courts should further reduce fee requests for work that is excessive, redundant or otherwise unnecessary as well as work performed on

5

unrelated matters.  *Hinterberger v. Catholic Health Systems, Inc.*, 2013 WL 2250584, at *5 (W.D.N.Y. May 21, 2013) (citing *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999) (citing *Hensley*, 460 U.S. 433-35))).  Courts also have discretion to apply a percentage-based reduction as "'a practical means of trimming fat from a fee application.'"  *Hinterberger*, 2013 WL 2250584, at *5 (citing *McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006)).  As Defendants do not challenge Plaintiffs' attorney hourly rates, the court limits its review of Plaintiffs' Fee Request to whether the amount of hours and related attorneys fees incurred by Plaintiffs in prosecuting Plaintiffs' motion was reasonable and not excessive.

A fair review of Plaintiffs' Fee Request indicates that following Plaintiffs' attorneys' preparation and filing of Plaintiffs' motion on November 15, 2017 (Dkt. 86), except for the attendance of counsel at oral argument on December 19, 2017 (Dkt. 97), few, if any, of the attorney time entries submitted by Plaintiffs represent "reasonable expense for the motion" as Rule 37(a)(5)(C) requires.[3]  Here, while Plaintiffs' motion was filed November 15, 2017 (Dkt. 86), Plaintiffs submit entries for Mr. Townsley, Ms. Kennedy and Mr. Pelkey for their work on November 16-17, 2017 and December 4, 2017 relating to legal research on attorney-client privilege, redacted board minutes, review of Defendants' opposition to Plaintiffs' motion to compel, review of documents provided by Defendants, and, on December 5, 2017, for Plaintiffs' review of Defendants' discovery response and opposition papers.  *See* Dkt. 136-1 at 1-2.  These total 5.8 hours, including 1.0 hour of Mr. Pelkey's time reviewing Defendants' opposition to Plaintiffs' motion.  As such, these activities were not incurred in connection with filing or

---

[3]  Rule 37(a)(5)(A) limits recovery to the successful "movant's reasonable expenses incurred in making the motion."  (Underlining added).

bringing Plaintiffs' motion and are therefore disallowed. For the period December 6 to December 17, 2017, Plaintiffs' attorneys generated a total of 36.4 hours for research on the issue of the fiduciary exception to the attorney-client privilege, selective disclosure issues, ERISA matters, strategies regarding Plaintiffs' motion, reviewing Plaintiffs' motion, and drafting Plaintiffs' reply memorandum of law (Dkt. 92) totaling approximately $9,000 in requested fees. However, in the June 6, 2018 D&O the court found Plaintiffs' reliance on the fiduciary exception to be misplaced, as Defendants' assertion of the privilege for Defendants' meetings which took place prior to the commencement of this action failed for lack of any indicia of confidentiality necessary for assertion of the privilege. As noted, *supra,* it is well-established that courts may "reduce fee applications for time spent on unsuccessful arguments." *Yorkville Advisors, LLC,* 2015 WL 855796, at *12 (citing *Maddalone v United Bhd. of Carpenters*, 1999 WL 269913, at *1 (S.D.N.Y. May 4, 1999) (applying percentage reduction "to reflect the time spent on unsuccessful arguments")). Thus, none of this time was incurred in bringing Plaintiffs' motion and as such it is also disallowed. The court further finds the attendance of both Messers. Pelkey and Falkides at oral argument to be unnecessarily redundant and limits Plaintiffs' Fee Request to one attorney, Falkides, who primarily presented Plaintiffs' arguments in support of Plaintiffs' motion (3 hrs. x $300/hr. = $900). Defendants do not contest Plaintiffs are entitled to reimbursement for a reasonable fee for attorney attendance at oral argument; Defendants request a reduction to $500 to reflect Plaintiffs' lack of success on most of the issues addressed during oral argument, Dkt. 137 at 8, a request with which the court also agrees.

    The court also finds none of the time submitted by Plaintiffs for activity following oral argument to be reasonably related to Plaintiffs' motion as based on Plaintiffs'

7

submission of time entries which show the associated activities and referenced matters were not directly connected to prosecuting Plaintiffs' motion.  *See* Dkt. 136-1 at 4-5.  For example, this part of Plaintiffs' Fee Request includes 3.2 hrs for Ms. Kennedy in reviewing responses from opposing counsel, preparing next steps in the litigation and research for Plaintiffs' summary judgment motion.  Dkt. 136-1 at 4.  Also included is 4.5 hours for Mr. Falkides in drafting a response to Defendants' letter regarding discovery issues and legal research relating to the merits of Plaintiffs' claims.  Additionally, Plaintiffs seek reimbursement for Mr. Pelkey's time incurred in reviewing Defendants' letter proposing Plaintiffs withdraw Plaintiffs' motion in return for discovery concessions.  Dkt. 136-1 at 5.  Therefore, the court finds only the time incurred by Plaintiffs' attorney in the preparation and filing of Plaintiffs' motion plus a reasonable fee for Plaintiffs' counsel's attendance at oral argument on Plaintiffs' motion to be reasonably related to such function or $2,026 ((Kennedy @ 10.80 hrs. x $95/hr. = $1,026) + (Townsley @ .2 hrs. x $200/hr. = $40) + (Pelkey @ 3 hrs. x $320/hr. = $960.[4]  *See* Dkt. 136-2 at 1.  Thus, the total proper Fee Request is $2,026 for preparation and filing of Plaintiffs' motion plus $500 for attendance at oral argument for a total of $2,526.[5]

---

[4]  Rather than adding support to Plaintiffs' Fee Request the court finds Plaintiffs' proposed 30% reduction confirms that the total time Plaintiffs' attorneys claimed was excessive on its face and required careful scrutiny of Plaintiffs' Fee Request by the court.

[5] Were the court to proportion the attorney fees based on the success of only one of the seven arguments advanced by Plaintiffs in support of the motion to compel, the resulting fee award would be similar, *i.e.*, $ 2,575.93 ($ 18,031.50 ÷ 7).

## CONCLUSION

Based on the foregoing, Plaintiffs' Fee Request is GRANTED in the amount of $2,526 which amount Defendants shall tender to Plaintiffs' counsel within 30 days.[6]

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: April 3, 2019
        Buffalo, New York

---

[6] Plaintiffs may submit a supplemental application for reasonable expenses incurred in preparation of Plaintiffs' Fee Request within 10 days; Defendants' opposition shall be filed within 5 days.