UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GARY METZGAR, et al.,

    Plaintiffs,

v.                                                                  13-cv-85 (JLS) (LGF)

U.A. PLUMBERS AND
STEAMFITTERS LOCAL NO. 22
PENSION FUND, et al.,

    Defendants.

## DECISION AND ORDER

Plaintiffs commenced this action on January 25, 2013, alleging that Defendants violated ERISA when they required Plaintiffs to choose between ceasing certain post-retirement employment and foregoing special early retirement benefits. *See generally* Dkt. 1. Specifically, Plaintiffs claim that Defendants (1) violated ERISA's anti-cutback rule, (2) wrongfully denied Plaintiffs benefits under ERISA, and (3) breached their fiduciary duty to Plaintiffs under ERISA when—after Defendants determined that their prior interpretation of the pension plan, which allowed certain post-retirement employment and simultaneous receipt of special early retirement benefits, was incorrect—they reinterpreted the plan to require Plaintiffs to choose between that post-retirement employment and those special

early retirement benefits.[1] *See* Dkt. 1, at 6-14. Plaintiffs alternatively seek declaratory judgment based on the same facts. *See* Dkt. 1, at 14.

After several years of discovery and motion practice, both Defendants and Plaintiffs moved for summary judgment on February 1, 2018. Dkts. 98-109. Plaintiffs also moved for leave to file an supplemental complaint (Dkt. 110) and for a preliminary injunction (Dkt. 111) the same day. Each party opposed the other's motion for summary judgment. Dkts. 115, 116, 118, 119. Defendants also opposed Plaintiffs' motion for leave to file a supplemental complaint (Dkt 114) and motion for preliminary injunction (Dkt. 117). Each party filed a reply in further support of its motion for summary judgment (Dkts. 120, 121), and Plaintiffs replied in further support of their motions for leave to file a supplemental complaint (Dkt. 122) and for a preliminary injunction (Dkt. 123).

United States Magistrate Judge Leslie G. Foschio—to whom the case was referred for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C)[2]—issued a combined Report and Recommendation (R&R) and Decision and Order on March 28, 2019. Dkt. 139. The Decision and Order, which is not at issue here, denied

---

[1] In their objections, Plaintiffs suggest an alternate theory for their breach-of-fiduciary duty claim: that Defendants breached their fiduciary duty by "advising Plaintiffs of their right to retire." *See* Dkt. 142, at 40. Plaintiffs appear to raise this theory for the first time in their objections.

[2] Hon. Richard J. Arcara, who originally was assigned to this case, issued this dispositive referral order. Dkt. 40. The case then was reassigned—first to Hon. Lawrence J. Vilardo on December 4, 2015, and then to the undersigned on February 18, 2020. Dkts. 42, 148.

Plaintiffs leave to file a supplemental complaint. *See* Dkt. 139, at 55-61. The R&R recommended that this Court: (1) grant Defendants summary judgment; (2) deny Plaintiffs summary judgment; (3) deny Plaintiffs a preliminary injunction; and (4) grant Defendants' request to withdraw their counterclaim.[3] *Id.* at 66.

Plaintiffs objected to the R&R on May 10, 2019. Dkt. 142. They object to the recommendations that the Court deny them summary judgment and grant Defendants summary judgment—and object to the "[e]ntire" R&R with respect to those motions. *See id.* at 3. *See also* Dkt. 147, at 1 ("Plaintiffs challenge[] almost every conclusion made in the [R&R] . . . ."). Plaintiffs did not object to the recommendation that the Court deny their motion for preliminary injunction. *See generally* Dkt. 142. Defendants responded in opposition to Plaintiffs' objections on June 3, 2019, and Plaintiffs replied on June 17, 2019. Dkts. 145, 147.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court conducted an extensive and careful review of the R&R, the briefing on objections, and the relevant record. Based on that *de novo* review, the Court accepts and adopts Judge Foschio's recommendation to grant Defendants'

---

[3] Because Plaintiffs neither responded to nor opposed Defendants' request to withdraw their counterclaim, the R&R recommends dismissing the counterclaim under Federal Rule of Civil Procedure 41(a)(2). *See id.* at 52-54.

3

motion for summary judgment, deny Plaintiffs' motion for summary judgment, deny Plaintiffs' motion for preliminary injunction, and grant Defendants' request to withdraw their counterclaim.[4]

For the reasons stated above and in the R&R, the Court:

1. GRANTS Defendants' motion for summary judgment (Dkt. 98);
2. DENIES Plaintiffs' motion for summary judgment (Dkt. 101);
3. DENIES Plaintiffs' motion for preliminary injunction (Dkt. 111); and
4. GRANTS Defendants' request to withdraw their counterclaim.

Plaintiffs' claims and Defendants' counterclaim are dismissed, with prejudice. The Clerk of Court shall close this case.

SO ORDERED.

Dated:   October 7, 2020
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Although not required to do so here—where neither party objected to the recommendation regarding Plaintiffs' motion for preliminary injunction or Defendants' request to withdraw their counterclaim—the Court nevertheless reviewed those portions of the R&R as well. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).